# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re:  Sharon Gillies    Case No.  21-31424
                          Chapter 13
                          Hon. Joel D. Applebaum

    Debtor(s).
_____/

## MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 USC 362 § (c)(4)(A)(i)

1. The Debtor is an individual who has had two pending chapter 13 bankruptcies within the previous year, other than a case refiled under 11 USC § 707(b), that were dismissed.

2. The Debtor filed two previous cases in the Eastern District of Michigan:

    a. Case Number 19-32770 was filed on November 22, 2019 and was dismissed on November 18, 2020.  Hereafter the first case.

    b. Case Number 20-32025 was filed on December 31, 2020 and dismissed on September 20, 2021. Hereafter the second case.

3. The Debtor's first and second cases were not successful for the following reasons:

    a. During the term of the first case the Debtor was suffering from severe depression and anxiety. These conditions worsened as the bankruptcy case continued. They led to her becoming unable to assist counsel with her Chapter 13 bankruptcy. It also became difficult for the Debtor to continue employment, an issue that was complicated by the ongoing Covid 19 crisis.

    b. Since this time the Debtor has been treated for her depression and anxiety by a medical professional. The Debtor has recovered to the point where her depression and anxiety issues should not be a bar to her successfully completing a bankruptcy case.

    c. At the time of the first case the Debtor was a contract employee. This was an unstable situation where the Debtor was never guaranteed income from month to month. When the Covid19 crisis struck the Debtor's contract work ended and she was unable to find replacement contract work.

    d. In the Debtor's second case the Debtor gained steady employment at United Wholesale Mortgage.

    e. Before the start of her second case the Debtor also became eligible for social security.

f. Over the course of the second case the Debtor made $22,875.11 in plan payments to the Chapter 13 Trustee.

   g. The second case was dismissed because of the Debtor's inability to comply with the terms of the order adjourning confirmation entered on September 1, 2021.

   h. There was a breakdown in communication between the Debtor and her prior counsel which led to the terms of adjournment not being fulfilled.

   i. Current counsel and the Debtor have reviewed the deficiencies in the prior Chapter 13 case and believe that a feasible and confirmable plan will be proposed to this court.

4. That the Debtor has the ability carry out the terms of the Chapter 13 plan.

5. That the present case has been filed in good faith and the plan is also filed in good faith.

6. That the Debtor's circumstances have changed for the following reasons

   a. Her plan payment is now significantly lower. This will allow the Debtor to maintain a reasonable standard of living.
   b. The Debtor has regained employment and has a steady source of income from her job at United Wholesale Mortgage along with her social security income.
   c. The Debtor is fully aware of the consequences of not complying with an order to adjourn confirmation.
   d. Debtor knows that she must communicate with her bankruptcy counsel in order to assist him with the Chapter 13 plan.

7. That pursuant to 11 USC § 362(c)(4)(i) this Court may impose the automatic stay where the Debtor demonstrates that the filing of the present case has been done so in good faith

8. A proposed order is attached.

9. An affidavit in support will be filed.

WHEREFORE, the Debtor respectfully requests that the court imposes the automatic stay following the filing of this motion and grants such other relief as the court in equity deems appropriate under the circumstances.

Date: October 19, 2021

/s/ Leo J. Foley Jr
Leo J Foley Jr P76060
Attorney for Debtor
Bankruptcy Law Offices
2425 S. Linden Road, Ste C
Flint, MI 48532
leo@bklawoffice.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re:   Sharon Gillies

Case No.  21-31424
Chapter 13
Hon. Joel D. Applebaum

Debtor(s).
_____/

## ORDER TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 USC 362 § (c)(4)(A)(i)

NOW THEREFORE, IT IS HEREBY ORDERD that the automatic stay shall be imposed against all creditors.

Proposed order